**GEIGER et, Plaintiffs-Appellees, v. BOOS, Defendant-Appellant.**

Ohio Appeals, Second District, Clark County.

No. 504. Decided March 25, 1954.

196

William T. Hicks, Springfield, for plaintiffs-appellees.

Jenkins, Williams, Wendt, Murray & Deeg, Columbus, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment entered on the verdict rendered in favor of plaintiffs.

Plaintiffs, the father and mother of Robert Geiger, a minor, sued to recover expenses and for loss of services of their minor child as a result of a collision which occurred between an automobile, which at the time was being operated by the defendant, and a bicycle being operated by the minor.

Plaintiffs charged the defendant with negligence in that he failed to keep a proper lookout and failed to stop within the assured clear distance ahead. Defendant pleaded a general denial and a defense of contributory negligence.

The evidence was to the effect that both the defendant and the minor were proceeding in a northerly direction on the highway during daylight; that a few hundred feet south of the point of collision there is a rise in the highway obstructing the view northward; that as defendant drove over the rise he observed the boy riding a bicycle on the right edge of the highway, a distance of several hundred feet ahead of him; that defendant was driving at a speed between thirty-five and forty miles an hour; that defendant observed the wobbling motion of the bicycle; that the boy had a rake over his right shoulder, which was held in his right hand, and with his left hand he guided the bicycle; that the defendant observed these facts for a considerable distance south of the point of collision; that when defendant got within ten feet of the bicycle the boy turned the bicycle to the left; that the defendant swerved his automobile to the left, but the two vehicles collided on the west or left side of the highway; that defendant's automobile traveled 50 or 60 feet and stopped against the fence on the left side of the highway. There was evidence that skid marks made by the automobile extended in a southerly direction on the highway from the point where the automobile stopped, a distance of approximately 200 feet.

Defendant's motion for a directed verdict at the close of the plaintiff's case, and motion for new trial, were overruled. The defendant offered no evidence.

The defendant assigns as error: (1) Overruling of motion for directed verdict; (2) error in charge to jury; (3) error in admission of evidence; (4) judgment is not sustained by sufficient evidence, is against the manifest weight of the evidence, and is contrary to law.

We agree with the ruling of the trial court that the facts present a jury question. Whether the defendant exercised the proper degree of care under the circumstancs was a matter for the jury to decide, which it resolved in favor of the plaintiffs. In our opinion there was sufficient evidence to support the verdict. The verdict is not against the manifest weight of the evidence, nor contrary to law. We find no error in the charge to the jury of a prejudicial nature. We find no reversible error in permitting the mother of the boy to testify as to the amount of damages the plaintiffs sustained as a result of the injuries.

Finding no error in the record prejudicial to the appellants, the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.